```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF LOUISIANA
                        LAKE CHARLES DIVISION

MARLA ADAMS,                          CIVIL ACTION
        Appellant                     NO. CV07-1248

VERSUS

MICHAEL J. ASTRUE, COMMISSIONER       JUDGE JAMES T. TRIMBLE
OF SOCIAL SECURITY,                   MAGISTRATE JUDGE JAMES D. KIRK
        Appellee
```

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Marla Adams ("Adams") filed an application for supplemental security income ("SSI") on February 4, 2005, alleging a disability onset date of May 1, 2004 (Tr. p. 48). That application was denied by the Social Security Administration ("SSA") (Tr. p. 36).

A de novo hearing was held before an administrative law judge ("ALJ") on September 12, 2006 (Tr. p. 429), at which Adams appeared with her attorney, a vocational expert ("VE"), and a witness. The ALJ found that, although Adams has severe impairments of diabetes, hypertension, obesity, a history of polycystic ovarian syndrome, anxiety disorder, bipolar disorder, borderline personality disorder, and a history of polysubstance abuse, she has the residual functional capacity to perform sedentary work limited to simple, repetitive tasks that do not involve working around the public, such as working as an addresser, a general office clerk, or an assembler/fabricator, and therefore was not under a disability as defined in the Social Security Act at any time through the date of the ALJ's opinion on November 22, 2006.

Adams requested a review of the ALJ's decision, but the Appeals Council declined to review it (Tr. p. 5), and the ALJ's decision became the final decision of the Commissioner of Social Security ("the Commissioner").

Adams next filed this appeal for judicial review of the Commissioner's final decision. Adams sets forth the following issues for review on appeal:

> 1. The vocational testimony, upon which the ALJ's decision is based, is facially unreliable as it conflicts with the DOT.
>
> 2. The vocational expert testimony, upon which the ALJ relied, is based on a defective hypothetical.

The Commissioner responded to Adams' brief. Adams' appeal is now before the court for disposition.

## Eligibility for SSI Benefits

To qualify for SSI benefits, a claimant must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1381(a). Eligibility is dependent upon disability, income, and other financial resources. 42 U.S.C. § 1382(a). To establish disability, plaintiff must demonstrate a medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than 12 months. Plaintiff must also show that the impairment precludes performance of the work previously done, or any other kind of substantial gainful employment that exists in the national economy. 42 U.S.C. § 1382(a)(3).

## Scope of Review

In considering Social Security appeals such as the one that is

presently before the Court, the Court is limited by 42 U.S.C. §405(g) to a determination of whether substantial evidence exists in the record to support the Commissioner's decision and whether there were any prejudicial legal errors. McQueen v. Apfel, 168 F.3d 152, 157 (5th Cir. 1999). For the evidence to be substantial, it must be relevant and sufficient for a reasonable mind to support a conclusion; it must be more than a scintilla but need not be a preponderance. Falco v. Shalala, 27 F.3d 160, 162 (5th Cir. 1994), citing Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 482 (1971). Finding substantial evidence does not involve a simple search of the record for isolated bits of evidence which support the Commissioner's decision but must include a scrutiny of the record as a whole. The substantiality of the evidence must take into account whatever in the record fairly detracts from its weight. Singletary v. Bowen, 798 F.2d 818, 823 (5th Cir. 1986).

A court reviewing the Commissioner's decision may not retry factual issues, reweigh evidence, or substitute its judgment for that of the fact-finder. Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987); Dellolio v. Heckler, 705 F.2d 123, 125 (5th Cir. 1983). The resolution of conflicting evidence and credibility choices is for the Commissioner and the ALJ, rather than the court. Allen v. Schweiker, 642 F.2d 799, 801 (5th Cir. 1981). Also, Anthony v. Sullivan, 954 F.2d 289, 295 (5th Cir. 1992). The court does have authority, however, to set aside factual findings which are not supported by substantial evidence and to correct errors of law.

Dellolio, 705 F.2d at 125. But to make a finding that substantial evidence does not exist, a court must conclude that there is a "conspicuous absence of credible choices" or "no contrary medical evidence." Johnson v. Bowen, 864 F.2d 340 (5th Cir. 1988); Dellolio, 705 F.2d at 125.

## ALJ's Findings

To determine disability, the ALJ applied the sequential process outlined in 20 C.F.R. §404.1520(a) and 20 C.F.R. §416.920(a). The sequential process required the ALJ to determine whether Adams (1) is presently working; (2) has a severe impairment; (3) has an impairment listed in or medically equivalent to those in 20 C.F.R. Pt. 404, Subpt. P, App. 1 ("Appendix 1"); (4) is unable to do the kind of work she did in the past; and (5) can perform any other type of work. If it is determined at any step of that process that a claimant is or is not disabled, the sequential process ends. A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis. Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994), cert. den., 914 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995), citing Lovelace v. Bowen, 813 F.2d 55, 58 (5th Cir.1987).

To be entitled to benefits, an applicant bears the initial burden of showing that she is disabled. Under the regulations, this means that the claimant bears the burden of proof on the first four steps of the sequential analysis. Once this initial burden is satisfied, the Commissioner bears the burden of establishing that

the claimant is capable of performing work in the national economy. Greenspan, 38 F.3d at 237.

In the case at bar, the ALJ found that Adams has not engaged in substantial gainful activity since January 12, 2005, she has severe impairments of diabetes, hypertension, obesity, a history of polycystic ovarian syndrome, anxiety disorder, bipolar disorder, borderline personality disorder, and a history of polysubstance abuse, but that she does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1 (Tr. p. 21). The ALJ also found that Adams is unable to perform her past relevant work as a cashier and a runner (Tr. pp. 21, 452-453).

At Step No. 5 of the sequential process, the ALJ further found that Adams has the residual functional capacity to perform sedentary work which is limited to simple, repetitive tasks that do not involve working around the public (Tr. p. 21). The ALJ concluded that there are a significant number of jobs in the nation economy which Adams can perform, such as working as an addresser, a general office clerk, or an assembler/fabricator, and therefore was not under a disability as defined in the Social Security Act at any time through the date of the ALJ's opinion on November 22, 2006 (Tr. p. 22).

## Findings and Conclusions

After review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. §405(g), I find that there is substantial evidence in the record as a whole to

support the Commissioner's decision of non-disability and the Commissioner's decision comports with all relevant legal standards. Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992).

In fulfillment of Fed.R.Civ.P. rule 52, I note that the Commissioner's findings and conclusions[1] put at issue by appellant are supported by substantial evidence, which can be outlined as follows.

1.

First, Adams contends the vocational testimony, on which the ALJ's decision is based, is facially unreliable as it conflicts with the Dictionary of Occupational Titles ("DOT"). Specifically, Adams argues that the limitation of being able to perform only simple, repetitive tasks is inconsistent with a reasoning level of 2, which is assigned to the jobs of addresser and assembler in the DOT.[2]

As several courts have held, reasoning level two requires the worker to apply commonsense understanding to carry out detailed but uninvolved written or oral instructions and deal with problems involving a few concrete variables in or from standardized situations, and appears consistent with a residual functional capacity to perform simple, routine work tasks. Hackett v.

---

[1] The relevant findings and conclusions are located in the administrative record at Transcript pages 14-25.

[2] Adams points out, and the Commissioner concedes in her brief, that the ALJ erred in finding Adams can work as a general office clerk because, pursuant to DOT Section 209.562-010, that job is light duty work with a reasoning level of three. As discussed above, Adams is limited to sedentary work with a reasoning level of one or two.

Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005). Also, Meissl v. Barnhart, 403 F.Supp.2d 981, 9840985 (C.D.Cal. 2005); Flaherty v. Halter, 182 F.Supp.2d 824, 850-851 (D.Minn. 2001). See also, Money v. Barnhart, 91 Fed.Appx. 210, 214 (3d Cir. 2004); Busch v. Astrue, 2008 wl 2331015 (D.Neb. 2008); Miller v. Astrue, 2008 wl 759083 (S.D.W.Va. 2008); West v. Astrue, 2008 wl 2024963 (M.D.Ga. 2008); Squier v. Astrue, 2008 wl 2537129 (C.D.Cal. 2008); Riggs v. Astrue, 2008 wl 1927337 (W.D.Wash. 2008). Therefore, the ALJ did not err in finding Adams can perform work which requires a reasoning level of two.

Adams also contends that a reasoning level of 2 requires the ability to follow "detailed instructions." However, the use of the word "detailed" in the DOT is not equivalent to the word "detailed' as used in the Social Security regulations. In the DOT, a reasoning level of 2 means the worker must be able to follow "detailed" instructions which are "uninvolved." Therefore, a DOT reasoning level of two is consistent with an residual functional capacity to perform simple, routine, repetitive work tasks. Riggs v. Astrue, 2008 WL 1927337 (W.D.Wash. 2008), citing Meissl v. Barnhart, 403 F.Supp. 2d 981, 9840985 (C.D.Cal. 2005). Also, Money, 91 Fed. Appx. at 214; West v. Astrue, 2008 WL 2024963 (M.D.Ga. 2008).

It is noted that Adams did not raise or develop this issue at the hearing. All kinds of implicit conflicts are possible and the categorical requirements listed in the DOT do not and cannot satisfactorily answer every such situation. The Fifth Circuit has

7

held that claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing.  Carey v. Apfel, 230 F.3d 131, 142 (5th Cir. 2000), and cases cited therein.

Therefore, Adams' assertion that she cannot perform DOT reasoning level 2 work because the ALJ limited her to work involving simple, repetitive tasks is incorrect as a matter of law. Reasoning level 2 work is not inconsistent with work involving simple, repetitive tasks, and there is no conflict between the DOT and the VE's testimony and conclusions.  This ground for relief is meritless.

2.

Adams also contends the vocational expert testimony on which the ALJ relied is based on a defective hypothetical.  Adams contends the hypothetical is defective because it did not include Adams' limitations in concentration, persistence, or pace. Although the hypothetical assumed a worker with an ability to perform only simple, repetitive work, Adams contends this does not necessarily incorporate her "moderate" difficulties in maintaining concentration, persistence or pace, as found by the ALJ.

A limitation to simple, repetitive, routine tasks adequately captures deficiencies in concentration, persistence or pace. Howard v. Massanari, 255 F.3d 577, 582 (8th Cir. 2001), citing

8

Brachtel v. Apfel, 132 F.3d 417, 421 (8th Cir. 1997). Also, Ramirez v. Barnhart, 372 F.3d 546 (3d Cir. 2004); Smith v. Halter, 307 F.3d 377 (6th Cir. 2001). As noted by the ALJ, Adams' deficiencies in concentration, persistence or pace are no more than moderate. Therefore, the ALJ's finding that she can perform, simple, routine, repetitive tasks is consistent with Adams' moderate limitations.

Adams argues that the jobs of addresser (DOT 209.587-010) and assembler/fabricator (DOT 706.684.030, 739.684-094)[3] require "significant" concentration, persistence, and pace. However, the Dictionary of Occupational Titles does not specify that and does not support that contention. The VE's uncontradicted testimony, after hearing Adams' testimony and the ALJ's hypothetical limiting the work to "simple, repetitive tasks," was that Adams could work as an addresser or an assembler/fabricator with her moderate limitations in concentration, persistence, and pace (Tr. pp. 451-454). Therefore, substantial evidence support the ALJ's finding that there is work which Adams can perform.

Therefore, this ground for relief is also meritless.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Adams' appeal be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written

---

[3] There were more "assembler/fabricator" jobs listed in the DOT than the two (listed herein) specified by Adams in her brief.

9

objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 30th day of June, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE